# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON L. SCOTT, et al., CDC #K-14735,<br><br>                                   Plaintiffs,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; EMPLOYEES OF CALIPATRIA STATE PRISON ("STAFF PERSONNEL"),<br><br>                                   Defendants. | Civil No.   10-0917 IEG (CAB)<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO PAY FILING FEES PURSUANT TO 28 U.S.C. § 1914(a) AND FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiffs, state prisoners currently incarcerated at Calipatria State Prison ("CAL") in Calipatria, California, and proceeding pro se, have filed a civil rights "Complaint and Affidavit for Investigation and Prosecution."

Because Plaintiffs claim the California Department of Corrections and Rehabilitation and unidentified prison officials at CAL violated their rights under various provisions of the U.S. Constitution and California law since a racial riot occurred on CAL's Facility C on March 20, 2010 (Compl. at 1-3), the Court liberally construes the action to arise under the Civil Rights Act, 42 U.S.C. § 1983. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.").

# I.

## Failure to Pay Filing Fee or Request IFP Status

Any party instituting a civil action, suit or proceeding in a district court of the United States, other than a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). None of the named Plaintiffs have paid the $350 filing fee required to maintain this civil action, nor have any of them submitted a motion to proceed IFP pursuant to 28 U.S.C. § 1915(a).

# II.

## Proper Plaintiffs

There are eighteen individuals listed as Plaintiffs in this matter but the Complaint was submitted by Plaintiff Byron Scott, CDCR #K-14735, who asks the Court to "consider" the complaint on behalf of himself and 17 other "aggrieved parties." (Compl. at 4.) However, Scott is a prisoner proceeding pro se; therefore, he has no authority to represent the legal interests of anyone other than himself. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Moreover, assuming Plaintiff Scott seeks to proceed IFP only on his own behalf in this matter pursuant to 28 U.S.C. § 1915(a), he will nevertheless be required to "pay the full amount of a filing fee." *See* 28 U.S.C. § 1915(b)(1); *see also Hubbard v. Haley*, 262 F.3d 1194, 1197-98 (11th Cir. 2001) (holding that 28 U.S.C. § 1915(b) does not permit multiple prisoner-plaintiffs to proceed IFP in one civil action).

Finally, to the extent the complaint seeks a "prosecution" and is also addressed to the San Diego County District Attorney's Office and the U.S. Attorney General, such relief is not available in a private civil action. *See e.g.*, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980) (federal civil rights statutes provide no private right of action and cannot form basis for civil suit); *Pawelek v. Paramount Studios Corp.*, 571 F. Supp. 1082, 1083 (N.D. Ill.1983) (no private cause of action inherent in federal criminal statutes defining civil rights violations).

# III.

## Conclusion and Order

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this action sua sponte without prejudice for failing to pay the $350 filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a);

(2) **TERMINATES** as parties all prisoners listed as Plaintiffs other than Byron Scott, CDCR #K-14735, and

(3) **GRANTS** only Plaintiff Byron Scott, CDCR # K-14735, forty-five (45) days leave from the date this Order is filed to: (a) prepay the entire $350 civil filing fee in full; *or* (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust account statements for the 6-month period preceding the filing of his Complaint pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).

**IT IS FURTHER ORDERED** that:

(3) the Clerk of the Court shall mail Plaintiff Scott the Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*," along with a copy of this Order.[1] If Plaintiff Scott fails to either prepay the $350 civil filing fee or complete and submit his Motion to Proceed IFP within forty-five (45) days, this action shall remain dismissed without prejudice and without further Order of the Court.

**IT IS SO ORDERED.**

**DATED: May 4, 2010**

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[1] Plaintiff Scott is further cautioned that if he chooses to proceed further with this action either by paying the full civil filing fee required by 28 U.S.C. § 1914(a), or moving to proceed IFP, the complaint he has already submitted will be screened and may be dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(b). *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim); *see also Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (discussing sua sponte screening required by 28 U.S.C. § 1915A(b)). Moreover, if the Complaint filed by Plaintiff Scott is dismissed under these provisions, it may be counted as a "strike" against him if he requests IFP status in any future civil action filed while he is incarcerated. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) ("Prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").