# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON L. SCOTT, CDCR #K-14735, <br><br> Plaintiff, <br><br> vs. <br><br> CALIFORNIA DEP'T OF CORRECTIONS AND REHABILITATION; EMPLOYEES OF CALIPATRIA STATE PRISON, <br><br> Defendants. | Civil No. 10cv0917 IEG (CAB) <br><br> **ORDER:** <br><br> **(1) DENYING EX PARTE MOTION FOR RECONSIDERATION;** <br><br> **and** <br><br> **(2) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g)** <br><br> **[Doc. Nos. 3, 5]** |

Currently before the Court is Plaintiff's "Ex Parte Motion for Special Action In Personam" [Doc. No. 5] in which he seeks reconsideration of the Court's May 4, 2010 Order. In addition, Plaintiff has filed a "Motion to Proceed *In Forma Pauperis"* ("IFP") [Doc. No. 3].

### I.  Procedural Background

On April 26, 2010, Plaintiff filed a "Complaint and Affidavit for Investigation and Prosecution" which he claimed was filed on behalf of himself and seventeen other inmates at Calipatria State Prison ("CAL"). Because Plaintiffs claimed the California Department of

Corrections and Rehabilitation and unidentified prison officials at CAL violated their rights under various provisions of the U.S. Constitution and California law since a racial riot occurred on CAL's Facility C on March 20, 2010 (Compl. at 1-3), the Court liberally construed the action to arise under the Civil Rights Act, 42 U.S.C. § 1983. *See* May 4, 2010 Order at 1.

This action was dismissed because Plaintiff Scott failed to file a Motion to Proceed IFP. *Id.* at 2-3. In addition, the Court noted that, as a prisoner proceeding pro se, Plaintiff Scott had no authority to represent the legal interests of anyone other than himself. *Id.* at 2. Thus, the remaining Plaintiffs were terminated from the Court's docket. *Id.* at 3.

Plaintiff then filed a Motion to Proceed IFP, along with an "Ex Parte Motion for Special Action in Personam on Reconsideration of Subject-Matter Jurisdiction and On Requirements in Filing Fees or Proceeding IFP."

## II.    Plaintiff's Motion for Reconsideration

Plaintiff seeks reconsideration of the Court's May 4, 2010 Order on the grounds that the Court wrongfully construed his Complaint as a civil complaint and that the Court should not have dismissed his action for failing to pay the initial civil filing fee. Specifically, Plaintiff seeks to bring an action pursuant to 18 U.S.C. § 4 because prison officials at CAL "knowingly, willfully and continually act and conspire to oppress, injure, and damage BLACK prisoners under operations in which patterns and/or practices of flagrant and/or egregious conditions depriving BLACK prisoners of their constitutional right to Life, Liberty, and/or Property ." *See* Pl.'s Mot. to Reconsider at 3.

The Federal criminal statute dealing with misprision of felony provides:

> "[w]hoever, having knowledge of the actual commission of a felony cognizable by a court of the Unitd States, conceals and does not as soon as possibile make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this titled or imprisoned not more than three years, or both."

18 U.S.C. § 4

Plaintiff argues that he is bringing this action to report the alleged criminal behavior of CAL prison officials. However, a violation of this criminal statute does not provide for a private right of action by plaintiff simply because he claims he has been affected by its alleged violation.

There is no private cause of action for the alleged violation of 18 U.S.C. § 4 unless the intent to create a private cause of action is expressed in the statute or clearly implied. *See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994); *Cort v. Ash*, 422 U.S. 66, 79 (1975).   Here, neither the statute itself nor any legal authority provides for a private cause of action under 18 U.S.C. § 4.  Thus, Plaintiff's Motion for Reconsideration is **DENIED**.

### III.     Motion to Proceed IFP

Even if Plaintiff were to attempt to proceed in this matter as one brought pursuant to 42 U.S.C. § 1983, he cannot proceed IFP for the reasons set forth below.

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs.  28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").  The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles

such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).  Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that there is no "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  Thus, this Court takes judicial notice that Plaintiff has had three prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

    1)   *Scott v. Schwarzenegger*, Civil Case No. 07-1064 UA (Duty) (C.D. Cal. Oct. 30, 2007) (Order of Dismissal for failing to state a claim and as legally and/or factually patently frivolous) (strike one);

    2)   *Scott v. High Desert State Prison*, Civil Case No. 07-0769 FCD DAD (E.D. Cal. Feb. 6, 2008) (Order of Dismissing for failing to state a claim and as frivolous) (strike two);

    3)   *Scott v. M. Trimble, et al.*, Civil Case No. 09-0855 DMS (WMc) (S.D. Cal. June 3, 2009) (Order dismissing Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## IV. Conclusion and Order

For the reasons set forth above, the Court hereby:

1) **DENIES** Plaintiff's "Ex Parte Motion for Special Action in Personam on Reconsideration of Subject Matter Jurisdiction" [Doc. No. 5];

2) **DENIES** Plaintiff's Motion to Proceed IFP [Doc. No. 3] pursuant to 28 U.S.C. § 1915(g);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: June 13, 2010

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**